QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Margret M. Caruso (Bar No. 243473)
  margretcaruso@quinnemanuel.com
  Cheryl A. Berry (Bar No. 252262)
  cherylberry@quinnemanuel.com
  555 Twin Dolphin Dr., 5th Floor
  Redwood Shores, California 94065
  Telephone: (650) 801-5000
  Facsimile: (650) 801-5100
Attorneys for Google Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company,<br><br>  Plaintiff,<br><br>  vs.<br><br>Google Inc., a Delaware corporation; ContentWatch, Inc., a Utah corporation, d/b/a Net Nanny; and DOES 1-10, inclusive,<br><br>  Defendants. | CASE NO. CV12-5293-RSWL (AJWx) |

## STIPULATED PROTECTIVE ORDER

THE COURT, having considered the parties' JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER, and GOOD CAUSE appearing therefor; to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), HEREBY ORDERS THAT:

## INFORMATION SUBJECT TO THIS ORDER

All documents, tangible things, physical objects, written discovery responses, testimony, or other information produced by the producing party in this litigation is considered "Discovery Material." Discovery material produced in this case by any party (the "Producing Party") may be labeled as one of two categories: CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY, as set forth below, by any party (the "Designating Party").[1] Both of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

1. All Protected Information shall be held in confidence by each person to whom it is disclosed (hereinafter the "Receiving Party"), shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

---

[1] The Producing Party and Designating Party may, but need not be, the same party.

2. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

    a. A present or former director, officer, employee of a Designating Party, may be examined and may testify at deposition or trial concerning all Protected Information that has been both produced by that party and either (1) identifies on its face the director, officer, and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

    b. An expert witness of a Designating Party who complies with paragraphs 17-22 of this Order may be examined and may testify at deposition or trial concerning all Protected Information that has been produced by that party.

    c. Non-parties may be examined or testify at deposition or trial concerning any Protected Information of a Designating Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Designating Party or a representative of the Designating Party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Designating Party consents to persons other than qualified recipients being present at the examination or the Court otherwise orders. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the Designating Party shall request

that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

3.   Filing of Documents Under Seal with the Court

   a.   All filing under seal with the Court shall comply with Local Rule 79-5.1.

   b.   If a Receiving Party seeks to file any transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, or other documents designated as Protected Information with the Court, the Receiving Party must file unredacted versions of its papers conditionally under seal at the same time as it publicly files redacted versions.  The Designating Party will be responsible for briefing and presenting supporting evidence for the assertion that the information is confidential, non-public and should be filed under seal.  If the Court rejects the Designating Party's contentions and finds that the materials do not merit protection, the unredacted documents filed conditionally under seal will be publicly filed (either by the clerk or by the filing party) and the filing thereof will be deemed to relate back to the date that the documents were originally filed for purposes of motions deadlines.  The Receiving Party will act in good faith to give notice to the Designating Party at least 48 hours before its filing of its intent to file Protected Information, and the Designating Party will either authorize the public filing of the materials or prepare an application to file under seal per L.R. 79-5.1.  The parties will cooperate in good faith to accommodate any Protected Information that is added or deleted from the filing within the 48-hour period.

   c.   If a Designating Party seeks to file any of its own transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, or other

documents designated as Protected Information with the Court, under seal, it shall file a motion to file under seal consistent with Local Rule 79-5.1.

4. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

5. Protected Information shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Designating Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making copies, abstracts, digests and analyses of Protected Information – including, but not limited to, in electronic form – for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

6. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY by the reporter. This request shall be made orally during the deposition or in writing within thirty (30) business days of receipt of the final certified transcript. Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be

treated in accordance with the terms of this Order.  Notwithstanding the foregoing, nothing herein shall prevent a party from quoting and utilizing any portion of a deposition transcript prior to the expiration of the time to make a confidentiality designation, which (a) has not been expressly designated as confidential during the deposition or thereafter *and* (b) does not implicate Protected Information on its face. The parties agree to work together in good faith to permit the reasonable use of non-confidential portions of deposition transcripts, whether in final or non-final form, where the use of such non-confidential portions is reasonably necessary to the filing of a motion, opposition or other papers that must be filed prior to the expiration of the time to make a confidentiality designation.

7. The Court will determine the extent to which this Order will control the use of Protected Information at trial. Any Protected Information introduced as evidence at trial shall be presumed available to the public, unless there is a ruling by the Court providing otherwise. Protected Information not introduced as evidence at trial shall maintain such protections and designations after commencement of any trial in this matter. Before the trial begins, the parties will meet and confer in good faith as part of the pre-trial conference statement process to put into place a procedure for identification of and use of any materials the parties wish to maintain as Protected Information at trial, which it shall submit to the Court for approval. Any Protected Information designated before trial shall maintain its status through the time of the pretrial conference and meet and confer procedures described above. If the parties cannot reach agreement on a procedure, any party may seek appropriate court orders concerning the handling at trial of Protected Information.

8. Any document or tangible thing containing or including any Protected Information may be designated as such by the Designating Party by marking it with the appropriate confidentiality designation set forth in this Order— "CONFIDENTIAL" and/or "CONFIDENTIAL ATTORNEYS' EYES ONLY" — prior to or at the time copies are furnished to the Receiving Party.

9. All Protected Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 8, shall be designated by the Designating Party by informing the Receiving Party of the designation in writing.

10. Notwithstanding the foregoing, the parties agree to refrain from using blanket designations of documents as Protected Information without making a good faith determination as to the confidential nature of each item so-designated.

**INFORMATION DESIGNATED AS "CONFIDENTIAL INFORMATION"**

11. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced or disclosed to a Receiving Party, including from any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, which constitutes confidential or commercially sensitive information that if publicly disclosed might place the Designating Party, or another entity whose information is identified, at a competitive disadvantage. Such information or material may be embodied in physical objects, documents, or the factual knowledge of persons. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

12. Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION and shall be subject to this Order. Thereafter, the Designating Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION prior to furnishing copies to the Receiving Party.

13. By way of example only, the following information is not CONFIDENTIAL INFORMATION:

a. Published advertising materials;

b. Any information that the Receiving Party can show is or, after its disclosure to a Receiving Party, has become part of the public domain as a result of publication not involving a violation of this Order (notwithstanding that the Designating Party has the initial burden to demonstrate that Protected Information is confidential);

c. Any information that was publicly known prior to the disclosure; and

d. Any information that the Receiving Party can show was received by the Receiving Party from a third party source who the Receiving Party reasonably believes obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

14. Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a. Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

b. Expert witnesses and their necessary support personnel, subject to the provisions of paragraphs 17-22 herein, and who have signed the form attached hereto as Attachment A;

c. Non-testifying consultants and their necessary support personnel, provided that they have signed the form attached hereto as Attachment A. The term "non-testifying consultant" shall mean independent experts with whom counsel may deem it necessary to consult, but who will not testify in the case.

d. The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services not including mock jurors;

f. Independent attorneys and support personnel utilized by a party to review and analyze documents and data produced in connection with this litigation who have signed the form attached hereto as Attachment A;

g. Officers, Directors, and other employees of a party with responsibility for making decisions about this litigation or who are assisting outside counsel with this litigation, including in-house counsel and support staff assisting the foregoing; and

h. Any other person as to whom the Parties first agree in writing and who signs the form attached hereto as Attachment A before being provided with materials protected by this Order,

**INFORMATION DESIGNATED "CONFIDENTIAL ATTORNEYS' EYES ONLY"**

15. The CONFIDENTIAL ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes information or material produced or disclosed to a Receiving Party, including from any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, which is a trade secret or which is commercially sensitive information the disclosure of which to Officers and/or Directors and/or other employees of the Receiving Party is likely to cause harm to the competitive position of the Designating Party and/or the entity whose confidential information is identified.

16. Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

    a. Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

    b. Up to one (1) in-house counsel with responsibility for managing this litigation and up to one (1) employee in a party's legal department necessary to assist them in this litigation (*i.e.*, clerical staff or paralegals), who have signed the form attached hereto as Attachment A. This provision does not apply if a party does not have in-house counsel.

    c. Expert witnesses and their necessary support personnel, subject to the provisions of paragraphs 17-22 herein, and who have signed the form attached hereto as Attachment A;

    d. The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

    e. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services not including mock jurors;

    f. Any other person as to whom the Parties first agree in writing and who signs the form attached hereto as Attachment A before being provided with materials protected by this Order.

**DISCLOSURE OF EXPERT WITNESSES**

17. Information designated by the Designating Party under any category of Protected Information and such copies of this information as are reasonably

necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's expert witnesses and their necessary support personnel.

18. No disclosure of Protected Information to an expert witness or their necessary support personnel shall occur until each expert witness has signed the form attached hereto as Attachment A; and to the extent there has been an objection under paragraphs 19-21 herein, that objection is resolved as discussed below.

19. A party desiring to disclose Protected Information to an expert witness shall also give prior written notice to the Designating Party, who shall have five (5) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to an expert witness must provide the following information for each expert witness: name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. No Protected Information shall be disclosed to such expert(s) until after the expiration of the foregoing notice period and resolution of any objections to permit disclosure.

20. A party objecting to disclosure of Protected Information to an expert witness shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to an expert witness shall not be unreasonably withheld.

21. If after consideration of the objection, the party desiring to disclose the Protected Information to an expert witness refuses to withdraw the expert witness, that party shall provide written notice to the objecting party. Thereafter, the objecting party shall move the Court, within three (3) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the three (3) business day period shall operate as an approval of disclosure of the Protected

Information to the expert witness. The parties agree to cooperate in good faith to shorten the time frames set forth in these paragraphs 17-22 if necessary to abide by any discovery or briefing schedules.

22. The objecting party shall have the burden of showing to the Court that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Information to its expert witness.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

23. The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated. A Receiving Party may at any time request that the Designating Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

24. A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Designating Party, and shall identify the particular documents or information or categories thereof that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the Receiving Party may request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Designating Party.

25. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## NONPARTY USE OF THIS PROTECTIVE ORDER

26. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order. A nonparty designating material or information as Protected Information hereunder shall sign the form attached as Exhibit A hereto.

27. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## MISCELLANEOUS PROVISIONS

28. Any of the notice requirements herein may be waived, in whole or in part, but only in writing (including email) signed by an outside counsel of record for the party against whom such waiver will be effective.

29. Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The Designating Party shall notify the receiving parties promptly after the discovery of the error in writing and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Designating Party from seeking further relief from the Court.

30. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the Receiving Party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information, not embodied in physical objects and documents shall remain subject to this Order. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product that refers or is related to any CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information for archival purposes only. If a party destroys Protected Information, the destruction must be by means reasonably calculated to destroy the Protected Information, and the party must notify the Designating Party in writing of the destruction.

31. If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a Designating Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the

party to whom the referenced subpoena is directed may produce such documents in response thereto.

32. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

33. Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

34. The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Central District of California, Western Division.

35. Pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with the pending litigation, a party discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Disclosed Privileged Information"), the disclosure of the Disclosed Privileged Information shall not, in this or any other federal or state proceeding, constitute or be deemed a

waiver or forfeiture of any claim of privilege or work product protection that the Designating Party would otherwise be entitled to assert with respect to the Disclosed Privileged Information and its subject matter.

    a.    A Disclosing Party may assert in writing (including email) attorney-client privilege or work product protection with respect to Disclosed Privileged Information.  The Receiving Party shall, within five (5) business days of receipt of that writing, return or destroy all copies of the Disclosed Privileged Information and provide a certification of counsel that all such Disclosed Privileged Information has been returned or destroyed.

    b.    Within ten(10) business days of the Disclosing Party's notice pursuant to subparagraph (a) above, the Disclosing Party shall produce a privilege log with respect to the Disclosed Privileged Information .

    c.    The Disclosing Party retains the burden of establishing the privileged or protected nature of any Disclosed Privileged Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of Disclosed Privileged Information.

36.    Counsel for each party shall ensure that counsel for each of the other parties receives a copy of any executed Attachment A that the party obtains within five (5) business days of the execution, except for employed support staff of retained experts, for whom copies of Attachment A need not be exchanged.

So ORDERED and SIGNED this 26th day of  February, 2013.

/s/    Andrew J. Wistrich

Hon. Andrew J. Wistrich
Magistrate Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Google Inc., a Delaware corporation; ContentWatch, Inc., a Utah corporation, d/b/a Net Nanny; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. CV12-5293-RSWL (AJWx) |

## ATTACHMENT A TO THE STIPULATED PROTECTIVE ORDER
## CONFIDENTIAL AGREEMENT

　　I reside at _____.

　　My present employer is _____.

　　1.　My present occupation or job description is _____.

　　2.　I have read the Agreed Protective Order dated _____, 2013, and have been engaged as _____ on behalf of _____ _____ in connection with the litigation captioned CYBERsitter, LLC v. Google Inc. *et al*.

　　3.　I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY information are to be returned to

counsel who provided me with such material or destroyed as directed by such counsel.

4. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

5. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20__.

_____

-18-   Case No. CV12-5293-RSWL (AJWx)
[PROPOSED] STIPULATED PROTECTIVE ORDER